IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PEARL MORGAN,

        Plaintiff,

v.

KIMCO REALTY CORPORATION,

        Defendant.

Case No. 3:21-cv-00073-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Pearl Morgan ("Morgan") filed this action against Kimco Realty Corporation ("Kimco"), alleging claims for negligence and negligence *per se*. (ECF No. 1-1.) Now before the Court is Kimco's motion for summary judgment. (ECF No. 14.)

The Court has jurisdiction over Morgan's claims pursuant to 28 U.S.C § 1332, and all parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636. The Court held a hearing on Kimco's motion on January 26, 2022. For the reasons discussed below, the Court grants Kimco's motion for summary judgment.

///

///

PAGE 1 – OPINION AND ORDER

**BACKGROUND**[1]

On April 26, 2019, Morgan arrived at a parking lot owned by Kimco. (Compl. ¶ 3.) Upon parking in a designated handicapped parking space and exiting her vehicle, Morgan fell over a concrete wheel stop near the head of the parking space, causing injuries to her left foot and right hip. (*Id.* ¶¶ 3, 5.)

Morgan alleges that Kimco's negligence in the construction and maintenance of its parking lot caused her injuries, including Kimco's installation of a wheel stop within a handicapped parking space, failure to provide an accessible route from the parking space to the retail building, failure to warn disabled patrons of the tripping hazard caused by the "unauthorized" wheel stop, failure to maintain the lot in a reasonably safe condition for a disabled invitee, and failure to protect disabled invitees from defective conditions on the premises, including the wheel stop. (*Id.* ¶¶ 4-5.)

**ANALYSIS**

**I.   STANDARD OF REVIEW**

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of that party. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Where the record taken as a whole could not lead a rational trier of

---

[1] Unless otherwise noted, the following facts are either undisputed or viewed in the light most favorable to Morgan. The Court cites to Morgan's complaint because she has not submitted any evidence in support of her claims.

fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* Thus, the moving party is entitled to entry of summary judgment where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323.

## II. DISCUSSION

### A. Negligence *Per Se* Claims

Morgan alleges that Kimco failed to comply with the Americans with Disabilities Act ("ADA") in its construction and maintenance of the handicapped parking space in question, and therefore the doctrine of negligence *per se* applies to her claims. (Compl. ¶ 4.)

"To prove a negligence *per se* claim, a plaintiff must demonstrate four elements: (1) defendant violated a statue or ordinance; (2) plaintiff was injured as a result of the defendant's violation; (3) plaintiff was a member of the class of persons the statute or ordinance intended to protect; and (4) plaintiff suffered an injury of the type the statute or ordinance was meant to prevent." *Beaudet v. Starbucks Corp.*, No. 6:16-cv-01814-JR, 2018 WL 5815603, at *2 (D. Or. Sept. 24, 2018) (citing *McAlpine v. Multnomah Cnty.*, 131 Or. App. 136, 144 (1994)), *report and recommendation adopted by* 2018 WL 5816652 (D. Or. Nov. 6, 2018). "Negligence *per se* is not a separate claim for relief, but is simply shorthand for a negligence claim in which the standard

of care is expressed by a statute or rule." *Abraham v. T. Henry Constr., Inc.*, 350 Or. 29, 35 n.5 (2011).

Morgan claims that Kimco violated the ADA by "installing [a] wheel-stop within a disabled parking stall" and "failing to provide an accessible route for handicapped individuals, including [Morgan], from the parking stall to the . . . retail building." (Compl. ¶ 4(a)-(b).) Morgan does not identify in her complaint which section of the ADA Kimco violated, and when asked by Kimco via interrogatory for the specific ADA section, Morgan's counsel declined to provide the information, asserting attorney-client privilege. (Decl. of Kelly Huedepohl ("Huedepohl Decl.") ¶ 2, Ex. A, ECF No. 14-1.) Morgan did not identify the relevant ADA section in her response to Kimco's motion for summary judgment, and her expert only generally opined, without citing a relevant provision, that the parking stall at issue was not compliant with the ADA's requirements of a clear path to the adjacent sidewalk and no tripping hazards. (Decl. of Thomas R. Fries, P.E. ("Fries Decl.") ¶ 1, ECF No. 16.) At oral argument, Morgan's counsel was unable to identify which section of the ADA Kimco violated.

By failing to identify an ADA provision Kimco violated or present any evidence in support of any specific ADA violation, Kimco has failed to make a showing sufficient to establish the existence of an element essential to her negligence *per se* claims.[2] *See Anderson*, 477 U.S. at 256 ("[T]he plaintiff must present affirmative evidence in order to defeat a properly

---

[2] In addition, a necessary element of a negligence *per se* claim is that the plaintiff be "a member of the class of persons the statute or ordinance intended to protect." *Beaudet*, 2018 WL 5815603, at *2. Despite vaguely alleging in her complaint that she is disabled, Morgan has not submitted a declaration, nor any evidence, establishing that she is disabled. At summary judgment, she cannot merely rely on her complaint to establish this element of her claim. *See Fuller Bros. v. Int'l Mktg., Inc.*, 858 F. Supp. 142, 145 (D. Or. 1994) (holding that a plaintiff "must offer facts to the court and cannot rely upon the allegations in [the] complaint to defeat a motion for summary judgment"). Accordingly, Kimco has also failed to make a showing sufficient to establish the existence of the third essential element of her negligence *per se* claims.

PAGE 4 – OPINION AND ORDER

supported motion for summary judgment."). Accordingly, the Court grants Kimco's motion for summary judgment on Morgan's negligence *per se* claims.

**B.    Negligence Claims**

Morgan's remaining claims are based on a common law negligence theory. (*See* Compl. ¶¶ 4-6.) Morgan alleges that she was injured after tripping over a wheel stop at the head of Kimco's handicapped parking stall. (*Id.* ¶ 3.) Morgan alleges that Kimco failed to warn of the tripping hazard created by the wheel stop, failed to maintain the parking lot in a reasonably safe condition for a disabled invitee, and failed to protect disabled invitees using its disabled parking spot from defective conditions on the premises, including the wheel stop. (*Id.* ¶ 4.)

With respect to an invitee's negligence claim against a property owner, Oregon courts have explained that a property owner must exercise due care to discover conditions that create an unreasonable risk of harm to an invitee and must exercise that standard of care to either eliminate or warn of the risk:

> In general, it is the duty of the possessor of land to make the premises reasonably safe for the invitee's visit. The possessor must exercise [due care] to discover conditions of the premises that create an unreasonable risk of harm to the invitee. The possessor must exercise that standard of care either to eliminate the condition creating that risk or to warn any foreseeable invitee of the risk so as to enable the invitee to avoid the harm. Accordingly, property owners are 'liable to invitees only for conditions that create an unreasonable risk of harm to the invitee.'

*Glorioso v. Ness*, 191 Or. App. 637, 643 (2004) (simplified).

Morgan has presented no evidence sufficient to establish that Kimco failed to comply with the applicable standard of care it owed to an invitee under Oregon law, nor that any such breach caused Morgan's injuries here. Morgan relies only on Fries' expert declaration to attempt to establish these elements of her negligence claims. (Pl.'s Resp. at 5.)

Fries is a licensed professional engineer but does not claim to be an expert in parking lot design, safety, or the ADA. (Fries Decl., Ex. 1.) At oral argument, Morgan acknowledged that

PAGE 5 – OPINION AND ORDER

Fries has no particularized experience in these areas but claimed that Fries was familiar with the ADA generally. Kimco objects to the admissibility of Fries's declaration on several grounds, including that Fries is not an expert in the relevant field of commercial parking lot design, his opinion is not based on sufficient facts or data, and his opinions are inconsistent with requirements for handicapped parking stalls under the ADA and Oregon law. (Def.'s Reply at 4-10.) Kimco argues that handicapped parking spaces are regulated by both the ADA and Oregon law, the requirements of these laws establish the applicable standard of care here, and the parking stall in question satisfied the applicable requirements. (Def.'s Reply at 8-9) (citing 42 U.S.C. §§ 12181 to 12189; OR. REV. STAT. §§ 447.210 to 447.280; and FED. R. EVID. 201).

Assuming without deciding that Fries is qualified to testify as an expert on disabled parking stall requirements, the Court finds that the Fries Declaration fails to establish that Kimco did not meet the applicable standard of care with respect to the parking stall at issue. Fries cites no relevant provisions of the ADA or Oregon law, but rather refers only generally to the ADA, International Property Management codes, Standards for Safe Walking Surfaces, and a Uniform Civil Jury Instruction in support of his opinion on what a disabled individual "would reasonably expect" in a parking space. (*See* Fries Decl. ¶ 1.) In contrast, Kimco cites specific ADA and Oregon law requirements governing the parking stall at issue, explains how those laws apply here, and presents evidence of compliance. *See* Def.'s Reply at 8 (citing 42 U.S.C. §§ 12181 to 12189 and OR. REV. STAT. §§ 447.210 to 447.280).

With respect to Morgan's allegation that the ADA prohibits wheel stops in disabled parking stalls, Kimco has identified applicable ADA regulations instructing that such parking stalls include wheel stops. (*See* Def.'s Reply at 9, citing ADA Standards Advisory § 502.7, which provides that "Wheel stops are an effective way to prevent vehicle overhangs from

reducing the clear width of accessible routes."). Kimco also cites to Oregon Transportation Commission Standards for Accessible Parking Places, including diagrams showing wheel stops located in the same position as the wheel stop at issue here. (Def.'s Reply at 9-10, citing https://www.oregon.gov/ODOT/Engineering/DOCS_ADA/ADA_Standards-Accessible-Parking.pdf) (last accessed March 10, 2022).

With respect to Morgan's allegation that Kimco failed to provide an accessible route for disabled individuals to move from the parking stall to the retail building, Kimco cites OR. REV. STAT. § 447.233(2)(d), which requires that a marked access aisle serving a single handicapped parking space be located immediately adjacent to the passenger side of the parking stall. (Def.'s Reply at 7-8.) Kimco submitted photographs demonstrating that the parking stall at issue did, in fact, have a marked access aisle on the passenger side of the stall. (*See* Def.'s Reply at 7-8; Decl. of Spencer Ingrim, Exs. 1-3.) In contrast, the single photograph attached to the Fries Declaration shows only the wheel stop in question and the access aisle is not visible. Thus, it appears that Fries based his opinion that the parking stall did not have a marked access aisle on a photograph that did not capture the access aisle. (Fries Decl., Ex. 1.) Based on the record before the Court, Morgan has not made a sufficient showing that there is a triable issue of fact as to whether Kimco violated the applicable standard of care here with respect to the placement of the wheel stop, access aisle, or signage relating thereto. *See Fast v. Angels Mgmt., Inc.*, 724 F. App'x 598, 599 (9th Cir. 2018) ("[T]he district court did not err in granting summary judgment to [the defendant property owner] and finding that the challenged wheel stop was not an 'unreasonably dangerous condition' on the premises. . . . Nor did the court err in finding that the [wheel] stop did not create an 'unreasonable risk of harm' giving rise to a duty to warn.") (citations omitted).

PAGE 7 – OPINION AND ORDER

Even if there was a material issue of disputed fact as to whether Kimco met the standard of care in its design or construction of the parking stall, Morgan has not presented any evidence that Kimco's negligence caused her injuries. Morgan again relies only on the Fries Declaration, in which Fries states: "Had the disabled person[']s or pedestrian[']s attention been drawn to the wheel-stop, there would likely have been no accident [and h]ad the parking stall been constructed with the expected access aisle curb-cut, [Morgan] would not have tripped and injured her foot." (Fries Decl. ¶ 4.) However, Morgan has presented no evidence with respect to her fall, and therefore she has not established that either the signage, wheel stop location, or access aisle location contributed to her fall. Specifically, she has presented no evidence with respect to whether or not her attention was drawn to the striped wheel stop, whether she expected an access aisle curb-cut, how she exited her vehicle, whether she saw the red, white, and blue stripped access aisle, why she did not use the access aisle curb-cut, how she tripped and fell, whether the wheel stop caused her to trip and fall, the nature of her injuries, or the conditions at the time of the incident. *See Morris v. Dental Care Today, P.C.*, 306 Or. App. 259, 262 (2020), *rev. denied* 367 Or. 668 (2021) ("Once a defendant moves for summary judgment, arguing that the plaintiff cannot establish certain elements of her negligence claim, it is incumbent upon the plaintiff to produce evidence showing that she can, in fact, meet her burden to prove those elements."); *see also Fast v. Coastal Journeys Unlimited, Inc.*, No. 6:16-cv-00060-MC, 2016 WL 7331557, at *5 (D. Or. Dec. 16, 2016) (granting defendant hotel's motion for summary judgment on the plaintiff's negligence claims, noting that "[a] reasonable person would understand that they were leaving a walkway and entering a parking lot, and could reasonably expect to encounter conditions normally found in a parking lot, to include wheel stops[,]" "[a] wheel stop, which is a change in elevation of a few inches, located in a place where a wheel stop may normally be

PAGE 8 – OPINION AND ORDER

found, is not an unreasonable risk of harm[,]" and "[w]here there is no unreasonable risk of harm, there is no duty to warn").

In summary, Plaintiff has failed to make a showing sufficient to establish the existence of at least two elements essential to her negligence claims. Accordingly, the Court grants Kimco's motion for summary judgment. *See Fast*, 724 F. App'x at 599 (9th Cir. 2018) (affirming the district court's entry of summary judgment for the defendant on similar negligence claims relating to a wheel stop in a parking space); *Glorioso*, 191 Or. App. at 645 (affirming summary judgment in favor of defendant property owner in "trip-and-fall" case where "the evidence [was] legally insufficient to impose premises liability" and it was not "necessary to present [the] issue to a jury"); *see also Thompson v. Walmart, Inc.*, No. 219CV323JCMBNW, 2021 WL 972896, at *4 (D. Nev. Mar. 5, 2021) (entering summary judgment for the defendant on negligence claim based on a finding "that defendant exercised the duty of ordinary care to plaintiff by keeping a well-maintained wheel stop purposefully designed for handicapped purposes on its premises [and because t]he wheel stop was not unreasonably dangerous . . . no duty to warn or remedy was triggered"), *appeal docketed* No. 21-15449 (9th Cir. Mar. 15, 2021).

### C.     Request for Sanctions

Morgan asks the Court to award her the costs she incurred in responding to Kimco's motion for summary judgment as a sanction for Kimco's failure to confer prior to filing the motion. (Pl.'s Resp. at 2.) The Court declines to do so.

While Local Rule 7.1 requires parties to confer prior to filing a motion and Kimco did not confer with Morgan's counsel prior to filing its motion for summary judgment (because he was out of town), the Court finds that any pre-filing conferral would have been futile, as evident by the fact that the parties' post-filing conferral did not resolve Kimco's motion. (*See* Decl. of Kelly Huedepohl, Ex. 1, ECF No. 18-1.) While Kimco's counsel should have made a more meaningful

PAGE 9 – OPINION AND ORDER

attempt to confer prior to filing its motion, the Court denies Morgan's request for sanctions under the circumstances present here. See *Arboireau v. Adidas Salomon AG*, No. CV-01-105-ST, 2002 WL 31466564, at *1 (D. Or. June 14, 2002) (denying a motion for sanctions because "the parties would not have reached an agreement" and "conferral would have been futile").

## CONCLUSION

For the reasons stated, the Court GRANTS Kimco's motion for summary judgment (ECF No. 14).

DATED this 10th day of March, 2022.

*[signature]*

HON. STACIE F. BECKERMAN
United States Magistrate Judge